(Hamilton County Court of Common Pleas.)

September, 1898.

MOSES FRANK, v. CITY OF CINCINNATI.

DAVID JOSEPH, v. CITY OF CINCINNATI.

1. An accused person under an invalid ordinance waives no right by entering a plea of guilty, but may prosecute error to the judgment of the court imposing sentence.

2. Ordinance No. 214 to license and regulate the business of railroad and steamship ticket brokers or scalpers, in the city of Cincinnati, is illegal and void.

DAVIS J.

The plaintiffs in error, Moses Frank and David Joseph, have filed their petitions in error in this court against the City of Cincinnati to reverse judgments rendered against them by the Police Court of said city.

The plaintiffs in error were arrested and prosecuted by the City of Cincinnati, under an ordinance which was passed by the Board of Legislation of said city on the 1st of August, 1898, which ordinance is as follows:

Exhibit A—Ordinance No. 214.

To license and regulate the business of railroad and steamship ticket brokers, or scalpers, in the city of Cincinnati.

Be it ordained by the Board of Legislation of the City of Cincinnati:

Section 1· That all persons, firms or corporations now or hereafter engaged in the business of railroad or steamship ticket brokers, or scalpers, in the city of Cincinnati, shall be required to take out a license for such business from the mayor of said city, for which a license fee of fifty dollars shall be paid; which license shall be good for the term of one year from the date of its issue, subject to the conditions hereinafter set out, and shall not be transferable·

Section 2. Before the mayor shall issue any such license he shall require that the applicant file with him a bond in the sum of one thousand dollars, with two or more solvent resident sureties which bond shall be approved by the Corporation Counsel as to form and by the Board of Legislation as to sufficiency, conditioned that the person, firm or corporation applying will abide by and comply with the terms of this ordinance, and will pay all fines and penalties that may be adjudegd against such person, firm or corporation for any and all violations thereof. The mayor may thereupon issue such license, and shall have authority to revoke the same at any time for good cause.

Section 3. It shall be unlawful for any person, firm or corporation now or here after engaged in the business of railroad or steamship ticket brokers, or scalpers, to call out, or have any one calling out such business upon any street, sidewalk, alley or other public places in the city of Cincinnati, in front of such place of business or elsewhere, or to solicit or have any one solicit such business by calling out in any such public place.

Section 4. It shall be unlawful for any person, firm or corporation now or hereafter engaged in such business to sell any railroad or steamship ticket, or contract for transportation of any railroad of steamship company, which will be invalid in the hands of the purchasers.

Section 5. Any person, firm or corporation conducting the business hereinbefore mentioned shall be required upon demand to give a certificate to every purchaser of a ticket, stating the date upon which the ticket was sold, the starting point and destination of the ticket. and the amount paid for it; which certificate shall be signed by such broker or scalper, or some one in the office thereof, but this signing may be done by stamp.

Section 6. Any person, firm or corporation who shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof by the Police Court shall be fined in any sum not exceeding fifty dollars for each offense and the costs of prosecution.

Section 7. The ordinance numbered 131 passed by the Board of Legislation January 28, A. D. 1898, and all other ordinances inconsistent with this ordinance, are hereby repealed.

Section 8. This ordinance shall take effect and be in force from and after the earliest period allowed by law.

Passed August 1, A. D., 1898.

SCOTT BONHAM.

President of Board of Legislation.

Attest: Edwin Henderson, City Clerk.

Moses Frank was prosecuted for violating section 1 of said ordinance. To the affidavit filed in the Police Court against him, Frank filed a motion to quash, which motion was overruled, to which he took exception An information having been demanded and filed. Frank then filed a demurrer to the information, which was overruled; to which he again excepted. Thereupon Frank entered a plea of guilty, and was sentenced by the Judge of the Police Court to pay a fine of twenty-five dollars and costs, which was paid under protest, and he also took exception to the final jugment entered against him.

David Joseph was prosecuted under section 4 of said ordinance. Joseph filed a motion to quash the affidavit filed against him, which motion was overruled and exception taken; he also filed a demurrer to the information, which demurrer was overruled and exceptions were taken by him. Afterwards the cause was tried, and the court found David Joseph

guilty of violating section 4 of the ordinance, and sentenced him to pay a fine of twenty-five dollars and costs, to which order and judgment David Joseph took exception. No bill of exceptions was taken in either case, and the cases are brought into this court upon the record thus made.

Two questions will be noticed in passing upon the record:

First: Did Moses Frank, by his entering a plea of guilty, waive every right, or has he the power now to prosecute this petition in error?

Second: Is the said ordinance, and especially sections 1 and 4, legal and valid?

It is well settled in Ohio, both in civil and criminal cases, that when a party desires to prosecute error to questions of law, that it is not necessary for him to take out a bill of exceptions; and if the record sufficiently shows the error and he has excepted, that is all that is necessary for him to have to avail himself of the point. The counsel for the city contend that inasmuch as Moses Frank pleaded guilty, that he waived all his rights and has no standing in court. But this contention in not well taken, for the reason that he had filed a motion to quash the affidavit and also a demurrer to the information, which searches the whole record, and had taken his exceptions. If the ordinance was invalid and illegal, his pleading guilty would not make a void ordinance legal and binding upon him. The plea of guilty, therefore, did not waive any of his substantial rights.

In this position we are supported by a decision of the Circuit Court of Hamilton county, in the case of Barbara Pope v. Cincinnati, 3 C. C. Rep., 497. At page 499, Judge Smith delivering the opinion, said:

"The fine assessed by the judgment was twenty-five dollars and costs. The maximum allowed by the ordinance was ten dollars and costs. In a prosecution under a city ordinance, a peace bond can not be required. In both of these particulars the judgment was clearly erroneous. No exception was taken to this judgment, but as held in 12 Ohio St., 402, and 26 Ohio St. 372, on a final judgment it is entirely unnecessary to do so. When the judgment on its face, under the laws of which a court takes judicial notice, is clearly erroneous, it is the duty of a reviewing court to correct it."

It should be borne in mind at this point that in the case stated in the 3d C. C. Rep., no exception was taken, and in the cases at bar at every step the questions were saved by exceptions.

The question is not a new one to the Supreme Court of Ohio. In the case of James and Amos Davis v. the State of Ohio, 19 Ohio St., 270, the court in its statement of the case said:

"The defendants on being arraigned, plead not guilty to the first count, and guilty as charged in the second count of the indictment. Thereupon the court sentenced each of the defendants to six months imprisonment in the jail of Hamilton county and to pay a fine of five hundred dollars."

It will be noticed in the case last cited, the defendants plead guilty to one count of the indictment, which is exactly the same as in the case at bar, and it seems no exception had been taken at any stage of the case by the defendants. The Supreme Court, on page 277, says:

"This indictment merely charges that the defendant kept and exhibited certain gambling devices with intent that others should gamble therewith, by means of which they did gamble. It is not averred that the defendants kept and exhibited such device to win or gain money or other property, or that they had assisted or permitted others to keep or exhibit them for that purpose. The averments in the indictment, therefore, do not show an offense under this section of the statutes. It follows that the judgment of the court below must be reversed."

It is therefore clearly apparent in this case that the indictment charged no offense, though the party had pleaded guilty to it. How much stronger is the reason when a party pleads guilty to a law that is illegal or invalid why he should also have his liberty and be set free? Therefore, the court finds that the defendants, Moses Frank and David Joseph, are properly in court, and have a right to prosecute their proceedings in error.

Second: The important question in these cases is, is this ordinance legal and valid, and especially sections 1 and 4?

Section 2669 of the Revised Statutes confers upon councils of cities and villages general powers to license. But it is admitted by the counsel for the city that there is nothing in section 2669 which authorizes the passage of the ordinance in question, but point to the closing part of said section, which is as follows:

"Provided, further, that nothing herein contained shall be construed to limit the power conferred upon cities and villages in section 1692."

Section 2672-1 refers particularly to the city of Cincinnati, which is as follows:

"In cities of the first grade and the first class no person shall be engaged in any trade, business or profession hereinafter mentioned until he or she shall have obtained a license therefor as hereafter provided."

The said section has fifty-nine subdivisions, and covers many different kinds of business, but it is also admitted by the counsel for the city of Cincinnati that no portion of section 2672 authorizes the city to pass the licensing ordinance in question. We therefore turn to section 1692, which it is claimed by the counsel for the city of Cincinnati gives the authority to the Board of Legislation of the city for

the passage of said ordinance. The clause relied upon to maintain the validity of said ordinance is as follows:

"To prevent riots, gambling, noise and disturbance, indecent and disorderly conduct or assemblages, and to preserve the peace and good order, and to protect the property of the municipal corporation and its inhabitants."

This is the only clause contained in the said section '1692, that is argued by the able counsel, which authorized the city to pass said ordinance. It has been decided by the Supreme Court of our state upon numerous occasions, and especially in the case of Ravenna v. The Penn. Co., 45 Ohio St., 118, that:

"Municipal corporations in their public capacity possess such powers and such only as are expressly granted by statute. and such as may be implied as essential to carry into effect those which are expressly granted."

In the light of this decision, how can it be said that subdivision 1 of section 1692 confers upon the city of Cincinnati or any other municipality in Ohio the right to grant a license, when the said subdivision refers to preventing riots, gambling, noise and disturbances, indecent and disorderly conduct or assemblages, and to preserve the peace and good order and protect the property of the municipal corporation and its inhabitants? Not one word in said subdivision has reference to granting the city, or any municipality, the power to pass an ordinance, licensing ticket brokers or scalpers, or licensing any other business. It is admitted by counsel for the city "that no other portion of said section 1392 authorizes the passage of the ordinance, and to give the most liberal or strained construction to the subdivision, it in no manner authorizes the city of Cincinnati to pass and enforce said ordinance, and said ordinance, and especially sections 1 and 4, are therefore illegal and void.

The judgment of the Police Court of the city of Cincinnati as to the defendants, and each of them, is hereby reversed.

Follett & Kelly, attorneys for plaintiffs in error; Wm. H. Lueders, Prosecuting Attorney of the Police Court, and Shay & Cogan, counsel for defendants in error; Harmon, Colston, Goldsmith & Hoadly, counsel for C., C., C. & L. R. R. and B. & O. S. W. R. R. Co.; Ramsey, Maxwell & Ramsey, counsel for P., C., C. &. St. L. R. R. Co. and C., H. & D. R. R. Co.